**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1546-18T1

BEST WISHES, LLC,

    Plaintiff-Appellant,

v.

MAHOGANY'S, LLC,

    Defendant-Respondent.

_____

<div style="margin-left:2em">

Submitted November 6, 2019 – Decided December 12, 2019

Before Judges Gilson and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. LT-004929-18.

David K. Fronefield, attorney for appellant.

Theodore Everett Kyles, Jr., attorney for respondent.

</div>

PER CURIAM

    In this landlord/tenant action, plaintiff, Best Wishes, LLC (the Landlord), appeals from an August 30, 2018 order that (1) denied landlord's request for possession of the premises; (2) reduced the rent from $1300 per month to $871

per month; and (3) permitted defendant, Mahagony's LLC (the Tenant), to file in the Law Division a counterclaim and third-party complaint against the landlord and its principal. Because the order was entered without a factual record and without factual findings supporting the reduction in the rent, we reverse and remand.

I.

We take the facts from the limited record developed during the summary dispossess proceeding. Effective February 3, 2018, the Landlord and Tenant entered into a five-year commercial lease. The lease provided that Tenant would pay $1300 per month in rent for premises that were represented to consist of 600 square feet on the first floor of a commercial building.

Tenant planned to use the premises as a hair salon and alleged it spent over $45,000 in improving the premises. Tenant also claimed that it discovered that "the interior space of the leased premises was 462 square feet, not 600 square feet."

Thereafter, a principal of the Tenant spoke with a principal of the Landlord and requested a reduction in rent. The Landlord declined to reduce the rent, and the Tenant stopped paying rent as of June 1, 2018.

A-1546-18T1

On July 2, 2018, the Landlord filed an action in the Special Civil Part seeking a judgment of possession for non-payment of rent. Tenant responded by moving to transfer the matter to the Law Division so it could file a counterclaim and third-party complaint against the Landlord and its principal, Victoria Lee. In its proposed counterclaim and third-party complaint, Tenant alleged that the premises were falsely represented to be 600 square feet, when they were only 462 square feet. Thus, Tenant sought to rescind the lease, and collect damages and attorney's fees.

On August 23, 2018, the eviction action came before the Special Civil Part. The court conferenced the case, off the record in chambers, and heard limited oral arguments from counsel. The court did not conduct a trial or an evidentiary hearing. Thereafter, the court granted Tenant's motion to file a counterclaim and third-party complaint in the Law Division. Finally, the court denied the Landlord's action for possession of the premises and ordered that the rent be reduced from $1300 per month to $871 per month.

In addressing the rent, the parties had informed the court that each had experts who were prepared to support their respective positions concerning the actual square footage of the leased premises. Without conducting an evidentiary hearing or making a factual finding as to the actual square footage of the leased

3

premises, the court effectively accepted Tenant's position and reduced the rent proportionately from $1300 to $871 per month.  Thereafter, on August 30, 2018, the court entered an order that (1) denied Landlord's request for possession of the premises; (2) reduced the rent from $1300 per month to $871 per month; and (3) permitted Tenant to file a counterclaim and third-party complaint in the Law Division.

At plaintiff's request, on September 27, 2018, the court amended the August 30, 2018 order to require Tenant to file and serve its pleadings in the Law Division within thirty-five days or waive its right to do so with prejudice. The court also certified the August 30, 2018 order as a final order as to all issues. Tenant elected not to file the counterclaim or third-party complaint in the Law Division because apparently it was satisfied with the reduced rent.

In December 2018, Landlord appealed the August 30, 2018 order and we granted the accompanying motion to accept the appeal as filed within time.  On January 18, 2019, the Special Civil Part judge read into the record an amplification of his decision.  See R. 2:5-1(b) (allowing such amplifications). The court explained that it had accepted that the leased premises were 462 square feet based on the representation of the principal of Tenant, who had filed a certification in support of the motion to transfer the matter to the Law Division.

4

The court also explained that it believed that the disputed issues, including the actual square footage of the leased premises, would be determined in the Law Division. Thus, the court viewed its ruling, when made, as subject to revision in the anticipated action in the Law Division. In that regard, the court explained:

> So, what the court determined to do as a requirement for the forwarding of the matter to the Law Division was to keep the Landlord somewhat whole, and to have the Tenant post $871 a month, which would have been the proper amount if the defendant's allegations were correct, and have that amount disbursed to the plaintiff whenever the plaintiff chose to have it. Because, in this way, the court determined that the Landlord could be kept whole if the allegations of the defendant were correct.

The court acknowledged that it based its "findings" concerning the square footage of the leased premises on the certifications and letter briefs submitted in support of and in opposition to the motion to transfer the matter to the Law Division.

II.

We reverse the August 30, 2018 order and remand this matter to the Special Civil Part. A court hearing a summary dispossess action has limited jurisdiction. WG Assocs. v. Estate of Roman, 332 N.J. Super. 555, 563 (App. Div. 2000) (citing Carr v. Johnson, 211 N.J. Super. 341, 347 (App. Div. 1986)). "Although the court may consider equitable defenses, it is beyond the power of

5

the court to grant permanent injunctive or other equitable relief to parties." Ibid.; see also Chau v. Cardillo, 250 N.J. Super. 378, 385 (App. Div. 1990) ("The equitable jurisdiction of the Special Civil Part in a summary dispossess action is limited to matters of defense or avoidance asserted by the tenant.").[1]

Here, the Special Civil Part committed two errors. First, it went beyond its limited jurisdiction in reducing the rent. By reducing the Tenant's rent, the court effectively rewrote the lease and granted Tenant relief that it could not receive in the summary dispossess proceeding. While the court may have thought that it was granting a temporary remedy, which could have been adjusted later in the Law Division action, Tenant never filed an action in the Law Division.

Second, the Special Civil Part had no record on which it could determine the disputed issue of the square footage of the leased premises. Initially, the court failed to make findings of fact and conclusions of law in violation of Rule 1:7-4(a). The amplification did not cure that problem. The written record before the court in the summary dispossess action was disputed as it concerned the

---

[1] In limited circumstances involving a breach of the implied warranty of habitability, the Special Civil Part may grant a prospective rent abatement to a tenant. See Timber Ridge Town House v. Dietz, 133 N.J. Super. 577, 584-85 (App. Div. 1975).

A-1546-18T1

square footage of the leased premises. The court did not hold a trial or an evidentiary hearing to resolve that dispute. Accordingly, the court should not have made any determination concerning a reduction of the rent.

On this appeal, Landlord contends that Tenant has now waived its right to raise the issue of fraud or to dispute the square footage of the leased premises. We do not reach that issue. Instead, we remand the matter to the Special Civil Part so the court can determine if the action will be transferred completely to the Law Division or if it will try the summary dispossess action.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION